UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MANUEL JOSE MORALES
AGUSTIN,

          Petitioner,

    v.

CHAD SCHIPINSKY, WARDEN OF
GLADES COUNTY DETENTION
CENTER, et al.,

          Respondents.

Case No. 2:26-cv-289-KCD-NPM

_____/

## **ORDER**

Petitioner Manuel Jose Morales Agustin has filed a motion for reconsideration under Fed. R. Civ. P. 59(e). (Doc. 11.) The Government has responded in opposition (Doc. 12), making this matter ripe. For the reasons below, Agustin's motion is **GRANTED**.

Federal Rule of Civil Procedure 59(e) allows a district court to alter or amend a judgment, effectively giving the court an opportunity "to rectify its own mistakes in the period immediately following its decision." *Scoma Chiropractic, P.A. v. Dental Equities, LLC*, No. 2:16-CV-41-JLB-MRM, 2022 WL 738559, at *2 (M.D. Fla. Feb. 9, 2022). Several weeks ago, the Court denied Agustin's habeas corpus petition. (Doc. 9.) At the time, the law seemed straightforward enough: he was apprehended near the border back in 2005,

making him an applicant for admission subject to mandatory detention without a bond hearing under 8 U.S.C. § 1225. The Court told him then that his argument ran "headlong into the facts." (Doc. 9 at 3.) But as it turns out, that order has now run headlong into binding appellate precedent. The Eleventh Circuit has since changed the legal landscape, requiring a do-over here. *See Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395, at *1 (11th Cir. May 6, 2026).

The facts are largely undisputed. After crossing the border in 2005, Agustin was apprehended at a checkpoint and subsequently released into the country. Nearly two decades later—after living in the United States that entire time—he was arrested during a routine immigration check-in. The Government argued, and the Court agreed, that his initial apprehension at the border permanently stamped him as an "arriving alien" under 8 U.S.C. § 1225. And once § 1225 attached, the thinking went, it never let go. (*See* Doc. 9.)

But the Eleventh Circuit's latest decision in this area now dictates a different result. *See Garcia v. Warden*, No. 2:26-CV-1143-KCD-NPM, 2026 WL 1345914, at *1 (M.D. Fla. May 14, 2026). Section "1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." *Hernandez Alvarez*, 2026 WL 1243395, at *14. Agustin falls into the latter category, so the "[f]ederal regulations provide

that [he] receive a bond hearing." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018).

"[Section] 1226(a)(1) grants the executive branch discretion to determine whether to detain or release a noncitizen who is facing removal proceedings." *Hulke v. Schmidt*, 572 F. Supp. 3d 593, 596 (E.D. Wis. 2021). Agustin is an alien without lawful status. So he is entitled to a bond hearing under § 1226(a), not immediate release or anything else. *See, e.g., Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668 (W.D. Tex. 2025). Consistent with the "comfortable majority position," the Court will require the Government to provide Agustin with the statutory process required under § 1226(a), which includes a bond hearing. *Id.*

Accordingly, the Motion for Reconsideration (Doc. 11) is **GRANTED AS PROVIDED ABOVE**. The Clerk is directed to reopen the case, vacate its prior judgment, and enter judgment in Agustin's favor as per this order. The Court's prior order (Doc. 9) is **VACATED**. The Government must provide Agustin with the statutory process required under § 1226, which includes a bond hearing. All other or different relief sought in the habeas petition is **DENIED**. Once the new judgment is entered, the Clerk is directed to again close the case.

**ORDERED** in Fort Myers, Florida on May 18, 2026.

3

Kyle C. Dudek
United States District Judge